JONES v. RIVERSIDE IRON & METAL CO., INC.

---

(February 27, 1928. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Obligations—Par. 153, 157.**

If a contract stipulates delivery of a truck at a certain time and place and if vendor is unable to make delivery when the vendee makes verbal demand in the presence of two witnesses, no further putting in default is necessary.

Appeal from Division "B", First City Court. Hon. Val J. Stentz, Judge.

Action by George Jones against Riverside Iron & Metal Co., Inc.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Edward Lazier, of New Orleans, attorney for plaintiff, appellee.

Feitel & Feitel, of New Orleans, attorneys for defendant, appellant.

JONES, J.  Plaintiff sues defendant for seventy-five ($75.00) dollars, cash deposit on a truck, and two hundred ($200.00) dollars, damages for failure to deliver the truck on stipulated date, July 1st, 1926. Plaintiff alleges that he purchased the truck on June 14th, 1926, for one hundred seventy-five ($175.00) dollars by written contract, depositing seventy-five ($75.00) dollars in cash and agreeing to pay balance in monthly installments of fifteen ($15.00) dollars; that said truck was to be put in good running order and delivered on July 1st, 1926; that he called twice and demanded the truck, but it has never been repaired and has never been delivered to him and he lost twenty-six days' hauling, which would have paid him eight ($8.00) dollars per day, on account of plaintiff's breach of his contract.

Defendant answered, admitting the sale and the cash deposit, but denying failure to repair and damages.

The trial judge gave judgment for plaintiff for seventy-five ($75.00) dollars and defendant has appealed.  As plaintiff has not answered the appeal, the sole question before this court is the validity of the judgment below.

On the trial of the cause defendant urged orally an exception of no cause of action because plaintiff had not alleged a putting in default.  This exception was referred to the merits and later was correctly overruled, because the evidence shows demand was made by plaintiff in presence of two witnesses.  See C. C., Art. 1911.

The record convinces us that the evidence amply sustains the decision of the trial judge.  Plaintiff and three other witnesses testify positively that they called for the truck twice, once on July 2nd and once on July 5th, only to find on both occasions that the truck was still without lights, proper brakes or usable tires.

One of these witnesses was defendant's mechanic, who contradicted defendant by swearing that he had never done any repair work on the truck and that it was in bad condition on July 5th and remained so for a long time.

To offset this positive testimony defendant and two of his employees testify vaguely that some repairs were made to the truck, but none of them is able to swear that the truck was in good running order on July 1st, the date of delivery.

Under these circumstances plaintiff was plainly in default himself for it was his contractual duty to have tendered the truck in good running order on the date specified.  Defendant's failure to return the deposit was an active violation of his contract.

For above reasons the judgment is affirmed.